IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODNEY EUGENE BLACK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:15-cv-01311-SMY |
| | ) |
| **JILL BENNETT,** | ) |
| **BRIAN BENNETT, and** | ) |
| **JILL MOORE,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Plaintiff Rodney Black is currently incarcerated at Saline County Jail ("Saline"). (Doc. 1.) Proceeding *pro se*, Black has filed a Complaint pursuant to 42 U.S.C. § 1983 against three Saline employees. (Doc. 8 at 5.) Black seeks punitive damages and the restoration of prison privileges. (*Id.* at 6.)

Black filed his initial Complaint on November 30, 2015. (Doc. 1.) The Complaint, however, lacked a claim for relief as mandated by Federal Rule of Civil Procedure 8(a)(3). The Court therefore dismissed the Complaint without prejudice, and granted Black leave to file an amended complaint. (Doc. 6.) Black timely filed an Amended Complaint (Doc. 8), as well as a flurry of other motions. (*See* Docs. 7, 10, 11, 12, and 13.)

The Amended Complaint alleges that Black was placed in an isolation cell and the observation cell ("drunk tank") due to his involvement in "an alleged staff assault." The Amended Complaint goes on to assert various alleged constitutional deprivations, including the deprivation of medical care and lack of access to legal materials.  The Amended Complaint is low on specifics -  it does not state, for example, who refused him access to medical care and the

specific circumstances of the incident. In fact, it does not mention any defendants by name, description or otherwise.

The lack of factual underpinnings in the one-page complaint is enough to render it subject to dismissal for failure to state a plausible claim for relief. *See* FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. Twombly*, 550 U.S. 544, 570 (2007) (holding that complaints must contain "enough facts to state a claim to relief that is plausible on its face."); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[O]nly a complaint that states a plausible claim for relief survives [dismissal]."). However, it appears that Black has attempted to insert some plausibility into his claim. He has, for instance, filed a Motion to Add Evidence (Doc. 10) in which he implicates specific defendants for causing specific alleged injuries (although the information contained in the motion is very conclusory). Black has also filed a Motion to Amend Information (Doc. 11) (the motion, however, does not state what amendments he wishes to make), and a Motion for Injunctive Relief (Doc. 12) that attempts to shed more light on the Amended Complaint.

Black is advised that any proposed amendments to his Amended Complaint must be properly filed pursuant to Federal Rule of Civil Procedure 15(a) and the Southern District of Illinois Local Rule 15.1. The Court will not accept piecemeal amendments and supplements to the complaint. Black is further advised that the Amended Complaint supersedes and replaces the most recent complaint. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).

Accordingly, Plaintiff's Motion to Add Evidence (Doc. 10), Motion to Amend Information (Doc. 11) and motion for injunctive relief (Doc. 12) are **DENIED without prejudice**. However, Plaintiff will be granted leave to file a Second Amended Complaint

pursuant to Rule 15(a) that succinctly states when, where, how, and by whom he feels his constitutional rights were violated and that will supersede his current Amended Complaint.

### Pending Motion

Black has also filed a motion for punitive damages (Doc. 7). Because he seeks the same relief in his current Amended Complaint, the motion is **DENIED as MOOT.**

### Disposition

**IT IS HEREBY ORDERED** that Black is granted leave to file a second amended complaint pursuant to Rule 15(a). The second amended complaint shall be filed by May 18, 2016. If the second amended complaint is not filed within the prescribed deadline, the Court will conduct a threshold review of the current Amended Complaint (Doc. 8) in isolation of any piecemeal amendments or supplements.

In order to assist Plaintiff in preparing his second amended complaint, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 18, 2016**

                                                  s/ STACI M. YANDLE
                                                  **STACI M. YANDLE**
                                                  **United States District Judge**