IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODNEY EUGENE BLACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-1311-JPG |
| | ) |
| BRIAN BENNETT, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Rodney Black, a pretrial detainee at the Saline County Jail in Illinois, brings this *pro se* action for alleged violations of his constitutional rights under 42 U.S.C. § 1983 (Doc. 15). Black's allegations relate to his 10-hour placement in a holding cell without adequate resources and his placement in segregation without due process. In connection with his claims, Black names defendant Brian Bennett, a captain at the Saline County Jail. This case is now before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d

1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that Black fails to state a claim upon which relief may be granted, and thus, his Complaint is dismissed in its entirety.

## The Complaint

Black alleges that on September 26, 2015, defendant Bennett placed him in a "drunk tank" holding cell wearing only his boxers (Doc. 15 at 5). Black alleges that he was forced to remain in the cell without a bathroom, hygiene items, personal items, or legal materials (*Id.*). He also claims that he was emotionally traumatized and he was denied medical care (*Id.*). He indicates that there was a hole in the floor for a bathroom, but that for some reason he was forced to urinate on himself (*Id.*).

Separate from the "drunk tank" incident, Black alleges that Bennett placed him in solitary confinement from April to September 15th without due process such as a charge, a hearing, or an out date (*Id.*). In connection with is claims, Black seeks monetary compensation (*Id.* at 6).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Conditions of confinement claim for being placed in a holding tank cell for 10 hours without clothing, hygiene materials, or legal materials;
>
> **Count 2:** Conditions of confinement claim for being deprived of psychiatric care while in the holding tank for 10 hours; and,
>
> **Count 3:** Due process deprivation for placement in solitary confinement from April through September with no charges, hearing, or end date.

As an initial matter, Black is a pretrial detainee, so he is not yet eligible to bring claims under the Eighth Amendment. However, the Seventh Circuit has found that claims by pretrial detainees may be assessed under the Fourteenth Amendment, and that it is "convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and the Eighth Amendment (convicted prisoners) without differentiation." *See Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citation omitted). Accordingly, the foregoing discussion will analyze Black's claims in light of the standards applicable to comparable Eighth Amendment claims.

**Count 1**

Under the Eighth Amendment, life's necessities include shelter and heat, as well as hygiene items. *See Gillis v. Litscher,* 468 F.3d 488, 493 (7th Cir. 2006) (citations omitted). Determining what conditions might constitute a violation of the Eighth Amendment is a very factually nuanced inquiry. *See id.* at 492-495 (collecting cases). While certain conditions in isolation may not constitute an Eighth Amendment violation, those same conditions taken together may state a claim. *Id.* at 493. The Seventh Circuit has found that conditions such as confinement in a cold cell without bedding or clothing, confinement without a bed for two days, denial of clothing for three days, and denial of any human interaction or personal property for three days or more could be conditions that contribute to the existence of an Eighth Amendment violation. *See id.* at 492-95. For example, in *Vinning-El v. Long,* 482 F.3d 923, 924 (7th Cir. 2007), the Seventh Circuit found that the plaintiff identified conditions sufficient to proceed beyond summary judgment where he alleged that he was stripped of his clothing, was separated from his personal property and was placed in a filthy disciplinary cell for three days.

By contrast, the Seventh Circuit has found that temporary discomforts or inconveniences are not sufficient to rise to the level of a Constitutional violation. *See e.g. Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) (holding being held for five days in a roach infested cell without hygiene items was not an Eighth Amendment violation where the incident was isolated to just one inmate); *Stewart v. Wright*, 101 F.3d 704 (Table), *1, *1-2 (7th Cir. 1996) (finding that three days in a 'dry cell' without running water or amenities did not constitute an Eighth Amendment violation). In *Harris*, the Seventh Circuit noted that even though the inmate suffered considerable unpleasantness, the conditions of his confinement did not lead to actual physical harm. *Harris*, 839 F.2d at 1235.

Here, Black's factual allegations are insufficient to state a claim for unlawful conditions of confinement. Ten hours in a cell with limited bathroom facilities and a lack of hygiene materials may cause temporary discomfort, but it does not rise to the level of a Constitutional violation. *See Harris,* 839 F.2d at 1235-36. Accordingly, Count 1 is hereby dismissed with prejudice for failure to state a claim upon which relief may be granted.

### Count 2

Inmates may not be denied all treatment of a serious psychiatric or psychological condition. *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). Additionally, prolonged placement in segregation of an inmate with psychological infirmities may constitute an Eighth or Fourteenth Amendment violation depending on the duration and nature of segregation, and the availability of alternatives. *See Rice ex rel. Rice v. Correctional Medical Serv.,* 675 F.3d 650, 666-67 (7th Cir. 2012) (discussing the possibility that placement for a number of months in administrative segregation of an inmate known to be schizophrenic could possibly pose a claim for deliberate indifference).

Black only alleges that he did not have access to psychological or psychiatric services for a period of 10 hours while he was confined to the drunk tank. A 10 hour delay is not a denial of all treatment, nor is it a prolonged period of segregation sufficient to potentially exploit Black's mental infirmities. As with Count 1, the length and nature of the alleged deprivation is an inconvenience, not a Constitutional deprivation. Thus, Count 2 will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### Count 3

To proceed on Count 3, Black must allege facts that establish that he had a liberty interest in not being placed in segregation for an indeterminate amount of time. *See Gillis*, 468 F.3d at

491-92. In evaluating the existence of a liberty interest, courts look at whether the conditions impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 492 (citation omitted). The Due Process Clause does not mandate procedural safeguards unless there is a constitutionally protected liberty interest. *See Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005). Punishments that are "atypical and [impose] a significant hardship on the inmate in relation to the ordinary incidents of prison life" may implicate a liberty interest." *See Wilkinson v. Austin,* 545 U.S. 209, 223 (2005) (considering conditions which included 24-hour exposure to artificial light, indoor exercise for 1 hour per day; and severe limitations on almost all human contact including verbal contact); *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995). The Seventh Circuit has held that disciplinary segregation does not rise to such a level to automatically implicate a liberty interest. *Williams v. Ramos*, 71 F.3d 1246, 1248-50 (7th Cir. 1995). Instead, the Seventh Circuit has held that disciplinary segregation may only give rise to a liberty interest if the conditions are "atypical and significant." *Id.* at 1249.

Turning to conditions the Seventh Circuit has found to be "atypical" or onerous, in *Williams*, the Court found that being confined for nineteen days, twenty-four hours a day, in a closed-front cell, with no access to the general population activities and little access to other inmates or staff, did not constitute an extreme variation from the typical challenges of prison life. *Id.* By contrast, the Seventh Circuit has found that six months of disciplinary segregation approaches a cusp where it may be necessary to create a factual record of the actual conditions of said confinement to determine whether procedural due process rights are implicated. *See Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995) (finding that six months of segregation and C-grade demotion did not in and of itself implicate due process, but that Illinois prison regulations require prisons to at least afford minimal due process in conducting a disciplinary

hearing, and thus determining that the adequacy of said hearing could implicate due process). Finally, the Seventh Circuit held in *Marion v. Columbia Correction Inst.*, 559 F.3d 693, 698-99 (7th Cir. 2009), that when disciplinary segregation runs upward of 240 days, or a year, a court should, at minimum, look into the actual conditions of said confinement, or should perhaps even assume that segregation of that duration does establish the existence of an "atypical" condition, thus invoking due process rights.

Black makes a bare factual assertion that he was confined to segregation from April to September (six months) without so much as a disciplinary ticket, a hearing, or a known end date. However, Black makes no allegations about the conditions of his confinement, or how his confinement in segregation for a prolonged period of time was atypical or onerous. *See Williams*, 71 F.3d at 1249. Absent any such factual allegations, Black's mere assertion of a legal theory—due process—is not sufficient to state a claim. *Id.*; *Brooks*, 578 F.3d at 581. Count 3 will be dismissed without prejudice for failure to state a claim.

## Pending Motions

Black's motion for service of process at government expense (Doc. 4) is hereby **DENIED**. Black's motion for recruitment of counsel (Doc. 3) is also **DENIED,** because it is moot in light of the dismissal of his claims.

## Disposition

**COUNTS 1 AND 2 are DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. **COUNT 3** is hereby dismissed without prejudice for failure to state a claim. Thus, the entire action is dismissed and Defendant Bennett is dismissed from this action.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g), because the complaint fails to state a claim upon which relief may be granted. *See Paul v. Marberry*, 658

F.3d 702, 704 (7th Cir. 2011) (noting that a "dismissal is a dismissal, and provided that it is on one of the grounds specified in § 1915(g) it counts as a strike, . . . , whether or not it's with prejudice.").

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

## Notice

If Plaintiff wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal within 30 days from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion must be filed within twenty-eight (28) days of the entry of judgment, and the deadline cannot be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment.

*Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Plaintiff chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion"). *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. §

1915(b)(2).

      **IT IS SO ORDERED.**

      **DATED: September 12, 2016**

                                                      *s/J. Phil Gilbert*  
                                                      United States District Judge