# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

RODNEY EUGENE BLACK,

                **Plaintiff,**

vs.                                                 Case No. 3:15-cv-1311-JPG

BRIAN BENNETT

                **Defendant.**

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Rodney Black is currently incarcerated at Saline County Jail ("Saline"), awaiting trial in several pending criminal proceedings. Proceeding *pro se*, Black filed his Second Amended Complaint (Doc. 15)[1] pursuant to 42 U.S.C. § 1983 against Brian Bennett the facilitator at Saline. (Doc. 15, p. 7).[2] A review of records on the Saline County Circuit Court's publically available website indicates that, at the time of the constitutional violations alleged herein, Plaintiff was a detainee awaiting trial in Case No. 2015-cf-98.[3]

---

[1] Black filed his initial Complaint on November 30, 2015. (Doc. 1). The Judge initially assigned to the case dismissed the Complaint without prejudice because it lacked a claim for relief as mandated by Federal Rule of Civil Procedure 8(a)(3). The First Amended Complaint was dismissed without prejudice and with leave to amend on April 18, 2016. (Doc. 14). The Second Amended Complaint was timely filed on April 25, 2016. (Doc. 15). Thereafter, the action was administratively reassigned to the Undersigned Judge. (Doc. 16). The Undersigned Judge dismissed the Second Amended Complaint and assessed a strike on September 12, 2016. (Doc. 17). Judgment was entered the same day. (Doc. 18).

[2] Plaintiff presently has two other civil rights actions involving alleged constitutional violations at Saline pending in the Southern District of Illinois: *Black v. Brown et al.,* No. 3:16-cv-00325-MJR-SCW and *Black v. Bennett et al.,* No. 3:16-cv-01187-JPG-DGW.

[3] Saline County Circuit Court records indicate that Plaintiff is still awaiting trial in Case No. 2015-cf-98 (charges include intentional homicide/intentional homicide of an unborn child). The Court located two additional criminal actions pending and awaiting trial in Saline County: (1) Case No. 2015-cf-274 (aggravated battery/great bodily harm/peace officer, trial scheduled for August 2017) and (2) Case No. 2016-cf-89 (possession of a weapon in a penal institution). Case No. 2015-cf-274 (aggravated battery/great bodily harm/peace officer) was filed on

The Second Amended Complaint was dismissed at preliminary screening on September 12, 2016. (Doc. 17). The Order of Dismissal dismissed Counts 1 and 2 (both conditions of confinement claims) with prejudice. (Doc. 17, pp. 5, 7). Count 3 (a due process claim) was dismissed without prejudice for failure to state a claim. (Doc. 17, p 7). The Court closed the case, assessed a strike under 28 U.S.C. § 1915(g), and directed the Clerk to enter judgment. (Doc. 17, pp. 7-8). Judgment was entered that same day. (Doc. 18). However, the judgment erroneously stated that "the action [was] **DISMISSED without prejudice as to ALL COUNTS**." *Id.* (emphasis supplied).

Plaintiff filed a Motion to Reconsider (Doc. 19) on September 20, 2016. Plaintiff filed a Second Motion for Reconsideration (Doc. 20) on September 22, 2016. This matter is presently before the Court on the pending motions for reconsideration.

## SECOND AMENDED COMPLAINT (DOC. 15)

Plaintiff alleges that on September 23, 2015, Bennett placed him in the drunk tank/observation cell. (Doc. 15, p. 5). Bennett removed all of Plaintiff's clothing, except for his boxer shorts and cuffed him behind his back. *Id.* Plaintiff remained in the drunk tank/observation cell, in his boxers, with his hands cuffed behind his back for 10 hours (overnight). During this time, Plaintiff could not use the bathroom without urinating on himself (presumably because his hands were cuffed behind his back). *Id.* Plaintiff alleges that he was denied hygiene items, personal items, and legal materials (pencil/papers) during this ten hour period. *Id.* Plaintiff also alleges that this incident was emotionally traumatizing and that Bennett denied Plaintiff psychiatric care. *Id.*

---

September 24, 2015. The Second Amended Complaint alleges that Plaintiff was placed in a drunk tank, naked and cuffed to a chair, for ten hours on September 23, 2015.

Plaintiff further alleges that from April 2015 through September 2015, Bennett placed Plaintiff in solitary confinement, with "no outdate." *Id.* Plaintiff contends he was put in solitary confinement without due process ("no charges, no hearing, no outdate"). *Id.*

## **CHALLENGED DISMISSAL ORDER (DOC. 17)**

The Court divided Plaintiff's Complaint into three Counts:

**Count 1**: Conditions of confinement claim for being placed in a holding tank cell for 10 hours without clothing, hygiene materials, or legal materials;

**Count 2**: Conditions of confinement claim for being deprived of psychiatric care while in the holding tank for 10 hours; and,

**Count 3**: Due process deprivation for placement in solitary confinement from April through September with no charges, hearing, or end date.

Prior to evaluating Plaintiff's claims, the Court acknowledged that because Plaintiff was a pretrial detainee at the time of the alleged constitutional violations, his conditions of confinement claims arose under the Fourteenth Amendment as opposed to the Eighth Amendment. Nonetheless, the Court explained, Plaintiff's claims could be assessed under the Eighth Amendment because the Seventh Circuit has found that it is "convenient and entirely appropriate to apply the same standard" to pretrial detainees.

With this principle in mind, the Court dismissed Count 1 with prejudice, concluding that the conditions described by Plaintiff did not constitute cruel and unusual punishment under the Eighth Amendment. The Court dismissed Count 2 with prejudice, concluding that a 10 hour delay in psychological or psychiatric services did not amount to a constitutional violation.

The Court next addressed Count 3. The Court explained that Plaintiff could not proceed with his due process claim without establishing that he had a liberty interest in not being placed in segregation for an indeterminate amount of time. The Court concluded that Plaintiff's bare

assertion of six months in segregation, without reference to "atypical and significant" conditions of confinement, did not sufficiently allege that the state had deprived him of a protected liberty interest. Accordingly, the Complaint failed to establish that Plaintiff was entitled to procedural safeguards in connection with his placement in segregation. The Court dismissed Count 3 without prejudice and without leave to amend.

The action was dismissed, judgment was entered, and a strike was assessed.

## **MOTIONS FOR RECONSIDERATION**

Plaintiff's motions for reconsideration were filed within 28 days of the challenged order. Accordingly, the motions may be considered under Rule 59(e) or Rule 60(b). *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir.2008) ("whether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it").

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir.1996), reh'g and suggestion for reh'g en banc denied, cert. denied 519 U.S. 1040, 117 S.Ct. 608, 136 L.Ed.2d 534; *Deutsch v. Burlington N. R.R. Co.*, 983 F.2d 741 (7th Cir.1993). Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28–day deadline for filing a Rule 59(b) motion. FED. R. CIV. P. 60(b)(1). Rule 60(b) also contains a catch-all provision, granting the court discretion to fashion a remedy for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6).

Plaintiff's motions for reconsideration do not set forth any argument justifying relief under either Rule 59(e) or Rule 60(b). In fact, Plaintiff's motions do not include *any* argument. Instead, Plaintiff provides the Court with additional facts surrounding his confinement in the drunk tank/observation cell on September 23, 2015. This information may well be relevant to Plaintiff's claims. However, it does not provide a basis for reconsidering the challenged order.

Nonetheless, the Court, on its own initiative has reviewed the challenged order and identified an error of law that warrants reconsideration; namely, in evaluating Counts 1 and 3, the Court failed to recognize and apply controlling precedent pertaining to pretrial detainees. The Court discusses the error as to Counts 1 and 3, respectively, below.

**Count 1 – Conditions of Confinement on September 23, 2015**

Because Plaintiff was a pretrial detainee at the time of the alleged constitutional violation, his conditions of confinement claim arises under the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment. *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012)). In conducting its preliminary review of Count 1, the Court applied case law involving Eighth Amendment claims.

The same legal standards *generally* apply under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners). *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). However, "the Eighth Amendment prohibition of cruel and unusual punishment is inapplicable to pretrial detainees who, unlike convicted prisoners, cannot constitutionally be subjected to punishment." *Lock v. Jenkins*, 641 F.2d 488, 491 (7th Cir. 1981). Instead, the test for determining the constitutionality of treatment of pretrial detainees is whether the challenged conditions "amount to punishment." *Bell v. Wolfish,* 441 U.S. 520, 535 (1979). In the instant

case, as is set forth more fully below, application of the Fourteenth Amendment test (as opposed to the Eighth Amendment test) alters the outcome of the Court's analysis. Accordingly, reconsideration is warranted.

**Count 3 – Due Process Claim as to Segregation**

With respect to *convicted* prisoners, the Seventh Circuit has held that placement in disciplinary segregation does not automatically implicate a liberty interest. *Williams v. Ramos*, 71 F.3d 1246, 1248-50 (7th Cir. 1995). Instead, disciplinary segregation only gives rise to a liberty interest if the conditions are "atypical and significant." *Id.* at 1249. Applying this standard, the Court concluded that Plaintiff failed to state a viable due process claim because the Complaint did not include any allegations regarding the conditions of his confinement. Further review reveals that application of this standard was in error.

It is true that, absent a showing of an atypical and significant hardship, being placed in segregation may be too trivial a deprivation to trigger the duty of due process for *convicted* inmates. However, a number of courts, including the Seventh Circuit, have indicated that any nontrivial punishment of a pre-trial detainee is a sufficient deprivation of liberty to give rise to due process protections. *See Holly v. Wollfolk*, 415 F.3d 678, 679-80 (7th Cir. 2005) (collecting cases; concluding hearing for detainee within 48 hours of placement in segregation did not violate due process). The Seventh Circuit provided a detailed analysis of this issue in *Rapier v. Harris*, 172 F.3d 999 (7th Cir. 1999):

> In sum, prison officials have considerable leeway to punish convicted prisoners for misconduct committed while in prison without affording them further procedural protection. The Due Process Clause simply guarantees convicted prisoners the right to be free of punishment that is beyond the normally expected incidents of prison life. However, pretrial confinees are not similarly situated; they are not under a sentence of confinement, and therefore it cannot be said that they ought to expect whatever deprivation can be considered incident to serving such a sentence. Therefore, as the cases we already have discussed indicate, the

> *Sandin* analysis [the atypical and significant hardship test] will not support punishing a pretrial detainee. Rather, as the circuits that have addressed the matter have indicated, although it is permissible to punish a pretrial detainee for misconduct while in pretrial custody, that punishment can be imposed only after affording the detainee some sort of procedural protection.

*Rapier*, 172 F.3d at 1004–05 (internal citations omitted). Accordingly, the Court's application of the "atypical and significant hardship" analysis to Count 3 was erroneous and warrants reconsideration.

Considering the errors discussed above, the Court, *sua sponte*, deems it appropriate to vacate its prior order, thereby correcting an error of law and avoiding an unnecessary appeal.[4] Plaintiff's motions for reconsideration (Docs. 19 & 20) are **GRANTED in part and DENIED in part**, in that the Court's Order and the Clerk's Judgment, both dated September 12, 2016, (Docs. 17 & 18) shall be **VACATED**. **FURTHER**, the Court shall direct the Clerk of the Court to **RESCIND** the **STRIKE** assessed against Plaintiff in this case. However, to the extent that Plaintiff intended to supplement the Second Amended Complaint with the additional facts included in his motions for reconsideration, the request is **DENIED**. The additional information must ultimately be incorporated into a properly filed amended complaint if it is to be considered in this action. *See* Fed. R. Civ. P. 15(a); SDIL Local Rule 15.1.

In light of the above, the Court will reconsider the Second Amended Complaint (Doc. 15) under 28 U.S.C. § 1915A. The following merits analysis begins anew, including a reorganization of Plaintiff's claims, without reference or reliance on the merits analysis that has been vacated herein.

---

[4] This relief is appropriate under Rule 59(e) and/or Rule 60(b). *See Judson v. Atkinson Candies, Inc. v. Latini–Hohberger Dhimantec*, 529 F.3d 371, 385 (7th Cir. 2008) (recognizing that a majority of circuits have held that a court may sua sponte vacate a judgment or order under Rule 60(b)); *Moro v. Shell Oil Co.*., 91 F.3d 872, 876 (7th Cir. 1996) (Rule 59(e) allows a court to correct its own errors and avoid an unnecessary appeal)).

## MERITS ANALYSIS PURSUANT TO 1915(A)

This case is now before the Court for a preliminary review of the Second Amended Complaint (Doc. 15) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

Based on the allegations of the Second Amended Complaint (summarized on pages 2-3 of the instant order), the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does

## MERITS ANALYSIS PURSUANT TO 1915(A)

This case is now before the Court for a preliminary review of the Second Amended Complaint (Doc. 15) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

Based on the allegations of the Second Amended Complaint (summarized on pages 2-3 of the instant order), the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does

not constitute an opinion regarding their merit.

> **Count 1**: On September 23, 2015, Bennett subjected Plaintiff to conditions of confinement that violated the Fourteenth Amendment.
>
> **Count 2**: Bennett violated Plaintiff's Fourteenth Amendment right to due process by placing him in segregation without charges and without a hearing.
>
> **Count 3**: Bennett exhibited deliberate indifference to Plaintiff's serious mental health needs on September 23, 2015.

## Count 1

In evaluating whether the conditions alleged in Count 1 constitute punishment, the Court must consider "whether they are rationally related to a legitimate nonpunitive governmental purpose and whether they appear excessive in relation to that purpose." *Wolfish*, 441 U.S. at 561. Here, Plaintiff alleges he was held in a cell, with his hands cuffed behind his back, for 10 hours. Plaintiff was allegedly restrained in a manner that caused him to urinate on himself during his detention. No information is provided regarding why Plaintiff was restrained in this manner.[5] On this limited record, the Court cannot say with certainty that restraining Plaintiff in this manner and for this period of time was rationally related to a legitimate nonpunitive governmental purpose. In other words, at the screening stage, the allegations sufficiently implicate the Fourteenth Amendment. Accordingly, Count 1 shall receive further review.

## Count 2

According to the Second Amended Complaint, Plaintiff, a pretrial detainee, was placed in segregation for at least six months (possibly longer as the Second Amended Complaint also

---

[5] No additional information is provided in Plaintiff's Second Amended Complaint, and that is the only pleading presently being considered by the Court. The Court does not consider the additional facts contained in Plaintiff's motions for reconsideration (which suggest that Plaintiff's placement in the cell may have been in relation to Plaintiff setting off a fire alarm). As previously noted, the additional information must ultimately be incorporated into a properly filed amended complaint if it is to be considered in this action. *See* Fed. R. Civ. P. 15(a); SDIL Local Rule 15.1.

indicates Plaintiff was placed in segregation with "no out date."), without charges or a hearing. The Seventh Circuit has indicated that "any nontrivial punishment of a [pretrial detainee is considered] a sufficient deprivation of liberty to entitle him to due process of law." *Holly v. Woolfolk*, 415 F.3d 678, 679-80 (7th Cir. 2005). Thus, "[a] pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). However, "no process is required if [a pretrial detainee] is placed in segregation not as punishment but for managerial reasons." *Id.* For instance, if a prisoner is placed in segregation because he is a suicide risk, to protect him from other prisoners, or to protect others from his violent propensities – no process is due. *Id.*

At this stage in the litigation, the Court cannot determine from the record whether Plaintiff was placed in segregation for preventative/managerial purposes or as punishment. Accordingly, Count 2 cannot be dismissed at screening and shall receive further review.

**Count 3**

A claim for deliberate indifference must establish "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that claim." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). Here, Plaintiff merely alleges that on September 23, 2015, he was "emotionally traumatized" and was not allowed to "have psychiatric care." (Doc. 15, p. 5). This allegation is too vague to suggest that Plaintiff was suffering from an objectively serious mental health need and that Bennett responded to that need with deliberate indifference. Accordingly, Count 3 shall be dismissed without prejudice for failure to state a claim.

# DISPOSITION

**Motions for Reconsideration**

**IT IS HEREBY ORDERED** that Plaintiff's motions for reconsideration (Docs. 19 & 20) are **GRANTED in part and DENIED in part**, in that the Court's Order and the Clerk's Judgment, both dated September 12, 2016, (Docs. 17 & 18) are **VACATED**. **FURTHER**, the Court **DIRECTS** the Clerk of the Court to **RESCIND** the **STRIKE** assessed against Plaintiff in this case. To the extent that Plaintiff intended to supplement the Second Amended Complaint with the additional facts included in his motions for reconsideration, the request is **DENIED**. The additional information must ultimately be incorporated into a properly filed amended complaint if it is to be considered in this action. *See* Fed. R. Civ. P. 15(a); SDIL Local Rule 15.1.

**Merits Review Pursuant to 1915(A)**

Plaintiff's Second Amended Complaint is divided into the following counts:

**Count 1**: On September 23, 2015, Bennett subjected Plaintiff to conditions of confinement that violated the Fourteenth Amendment.

**Count 2**: Bennett violated Plaintiff's Fourteenth Amendment right to due process by placing him in segregation without charges and without a hearing.

**Count 3**: Bennett exhibited deliberate indifference to Plaintiff's serious mental health needs on September 23, 2015.

**IT IS ORDERED** that **COUNTS 1** and **2** shall receive further review.

**IT IS FURTHER ORDERED** that **COUNT 3** is **DISMISSED** without prejudice for failure to state a claim.

**IT IS FURTHER ORDERED** that as to **COUNTS 1** and **2**, the Clerk of Court shall prepare for **BENNETT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a

Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 10, 2017**

<u>*s/J. Phil Gilbert*</u>
**United States District Judge**